Verma v. Holder

BIA
Christensen, IJ
A098 477 816

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:
 RALPH K. WINTER,
 DENNIS JACOBS,
 SUSAN L. CARNEY,
  *Circuit Judges.*

_____

MEENA VERMA, AKA CHARANJIT KAUR,
  *Petitioner,*

 v.                                    13-2985
                                       NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:      Amy Nussbaum Gell, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; William C. Peachey,
                     Assistant Director; Daniel E.
                     Goldman, Senior Litigation Counsel,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Meena Verma, a native and citizen of India, seeks review of the July 22, 2013, decision of the BIA affirming the August 30, 2011, decision of the Immigration Judge ("IJ"), which denied her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Meena Verma,* No. A098 477 816 (B.I.A. July 22, 2013), *aff'g* No. A098 477 816 (Immig. Ct. N.Y. City Aug. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an applicant for withholding of removal under 8 U.S.C. § 1231(b)(3) must show that it is more likely than not that she will be persecuted on account of her "race, religion, nationality, membership in a

2

particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Here, we detect no error in the agency's determination that Verma failed to demonstrate a likelihood of persecution as required to establish her eligibility for withholding of removal.

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating h[er] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000). The agency appropriately found that corroboration was necessary in this case because Verma's claim was based on substantially the same facts as her husband's claim, which was deemed not credible in his separate removal proceeding. *See id.* The agency afforded no weight to her husband's statements, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), observed that her background evidence did not specifically address her situation, and considered her failure to produce available corroboration in the form of letters from friends or family, *see Diallo*, 232 F.3d at 285-87. These rulings were reasonable.

The agency also reasonably discounted the likelihood of future persecution on the grounds that: her account of evading police during her husband's alleged arrests (she moved to another room) was implausible; one of her similarly situated sons continues to live in India unharmed; and she failed to show that police would look for her if she returned. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (evidence showing family continued to live safely in country of origin "cuts against" claim of future harm based on family relationship); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."). The agency's findings that she failed to provide sufficient corroboration or demonstrate a likelihood of persecution were dispositive of withholding of removal and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk